UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20323 CIV-LENARD

MAGISTRATE JUDGE GARBER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$119,800.00 IN U.S. CURRENCY,

    Defendant.
_____/

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, hereby files this civil complaint for forfeiture in rem and states as follows:

1. This is a civil action for forfeiture in rem of the defendant, **$119,800.00 IN U.S. CURRENCY** ("defendant currency"), pursuant to Title 18, United States Code, Section 981(a)(1)(A).

2. This Court has subject matter jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355(a), (b), and (d).

3. Venue lies in the Southern District of Florida pursuant to Title 28, United States Code, Sections 1355 and 1395 as the defendant currency is located within the Southern District of Florida and will remain within the district during the pendency of this cause or until further order of the Court.

4. The defendant currency is subject to forfeiture to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(A) as the defendant currency was involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1960 (a).

## STATEMENT OF FACTS

5. On February 7, 2004, Luis J. Franco ("Franco") arrived in the United States at Miami International Airport, Miami, Florida ("MIA"), having traveled by aircraft from Cali, Colombia.

6. Upon arrival at MIA, Franco presented a written declaration on Customs Form 6059-B to agents of the U.S. Customs and Border Protection ("CBP"), purportedly listing all of the articles that he had acquired abroad which were in his possession.

7. In that written declaration, Franco declared, among other things, that he was carrying currency or monetary instruments over $10,000.00 U.S., or foreign equivalent, in value.

8. As a result of that written declaration CBP agents conducted a secondary inspection of Franco.

2

9.   During that secondary inspection, Franco completed three (3) Customs Form 4790 ("CF 4790"), each form reporting a different amount of currency that he was purportedly carrying. Franco initially reported carrying $120,025.00 U.S., then reported carrying $119,930.00 U.S. and finally reported carrying $119,830.00 U.S., which was the actual amount of currency which he was carrying ("currency").

10.   During that secondary inspection, Franco told CBP agents that he worked for J&M USA Trading, Inc., a Florida corporation ("J&M"), and that the currency belonged to J&M.

11.   It is the primary business purpose of J&M to engage in the sale and exportation of merchandise to customers in Colombia, Venezuela and countries of Central America.

12.   In working for J&M, Franco's responsibilities were to travel to, and meet with, J&M customers in Colombia, Venezuela and countries of Central America, and to receive, and to return to the United States with, currency tendered by such customers as payment for merchandise previously sold and delivered to them by J&M, as well as, currency tendered by such customers as a deposit on merchandise to be sold and delivered to them by J&M in the future.

13.   Franco performed such responsibilities for J&M in no less than thirty (30) separate instances from on or about January 5, 2002, until February 7, 2004.

14.   In regard to the February 7, 2004 instance, Franco told CBP agents that he received the currency in Cali, Colombia, from Mission Productions, Ltda., a Colombia corporation ("Mission"), which is a customer of J&M, as partial payment for merchandise previously sold and delivered by J&M to Mission.

15. On February 7, 2004, CBP agents contacted Jaime Mejia, President of J&M ("Meija"), by telephone in order to determine Franco's work status with J&M.

16. Mejia told CBP agents that, although Franco performed work for J&M, Franco was <u>not</u> an employee of J&M, that is, J&M did not compensate Franco for the work he performed for it through its company's payroll, nor was J&M responsible for withholding Federal income tax from such compensation.

17. The term "unlicensed money transmitting business" means a money transmitting business which affects interstate or foreign commerce in any manner or degree and – (A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable; (B) fails to comply with the money transmitting business registration requirements under section 5330 of Title 31, United States Code, or regulations prescribed under such section; or (C) otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity.

18. At no time did Franco perform his responsibilities in working for J&M with an appropriate money transmitting license in the State of Florida, where such unlicensed operation is punishable as a misdemeanor or felony under its law.

19. At all relevant times, Franco was aware that he was performing his responsibilities in working for J&M without an appropriate money transmitting license in the State of Florida.

20. At no time did Franco, in performing his responsibilities in working for J&M, comply with the money transmitting business registration requirements under section 5330 of Title 31, United States Code, or regulation prescribed under such section.

21. At all relevant times, Franco was aware that he was performing his responsibilities in working for J&M without complying with the money transmitting business registration requirements under section 5330 of Title 31, United States Code, or regulation prescribed under such section.

22. As a result of Franco operating as an unlicensed money transmitting business, CBP agents seized the defendant currency.

## COMPLAINT FOR FORFEITURE

The defendant currency is subject to forfeiture to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(A) as the defendant currency was involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1960 (a).

WHEREFORE, Plaintiff, United States of America requests, that any and all persons having any claim to the defendant currency be directed to file and serve their verified claims and answers as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions or suffer default thereof, and further requests that the Court declare the defendant currency condemned and forfeit to the United States of America, and that Plaintiff have such other and further relief as may be just and proper.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: /s/ DAREN GROVE
DAREN GROVE
ASSISTANT U.S. ATTORNEY
COURT NO. A5501243
99 NE FOURTH STREET
MIAMI, FLORIDA 33132-2111
TEL: (305) 961-9294
FAX: (305) 536-4089
daren.grove@usdoj.gov

## VERIFICATION

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury, that I have read the foregoing Complaint for Forfeiture In Rem and state that the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed this 6TH day of FEBRUARY, 2009.

DEBORAH TRAJKOVIC
U.S. IMMIGRATION CUSTOMS
ENFORCEMENT

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
$119,800 IN U.S. CURRENCY

FILED by _____
09 FEB -6 AM 10: 32
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - MIAMI

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AUSA Daren Grove
99 NE 4th Street, 7th Floor
Miami, Florida 33132

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☒ DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Dade 09cv 20323-Lenard/Garber

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. § 981

LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: FEBRUARY 6, 2009
SIGNATURE OF ATTORNEY OF RECORD: /s/ Daren

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT n/f/r   APPLYING IFP _____